**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING DEFENDANT** |
| Plaintiff, ) | **HAFNER'S MOTION** |
| ) | **TO DISMISS** |
| vs. ) | |
| ) | |
| Myron H. Hafner, Caroline L. Hafner, ) | |
| and Leland Erickson, ) | Case No. 1:05-cv-114 |
| ) | |
| Defendants. ) | |

Before the Court is defendant Myron Hafner's Motion to Dismiss filed on January 3, 2006. The Government has filed a response opposing the motion. For the reasons set forth below, the motion is denied.

**I.   BACKGROUND**

On November 1, 2005, the Government filed suit against Myron L. Hafner and Caroline L. Hafner alleging that the Hafners had defaulted on several loans made by the Farm Service Agency (FSA).[1] See Docket No. 1. On December 5, 2005, the Government filed a "Waiver of Service of Summons" form signed by Myron Hafner on December 1, 2005. The waiver states, in part:

> I acknowledge receipt of your request that I waive service of a summons in the above-captioned case. I have also received a copy of the complain in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.
>
> I agree to save the cost of service of a summons and an additional copy of the compliant in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

---

[1]The complaint also named Leland Erickson who leases the real estate being foreclosed upon.

1

(Docket No. 3).

## II. LEGAL DISCUSSION

Defendant Myron Hafner's present motion seeks a dismissal of the action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, Hafner alleges lack of jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. The Government contends that each allegation is without merit.

### A. LACK OF SUBJECT MATTER JURISDICTION

Hafner initially seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. According to the complaint, jurisdiction in this case is predicated upon 28 U.S.C. § 1345 which provides as follows:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

"Generally, district courts have original jurisdiction over suits brought by the United States to foreclose mortgages on realty situated within the district." United States v. Torres, 142 F.3d 962, 966 (7th Cir. 1998) (citing Garden Homes, Inc. v. United States, 200 F.2d 299, 300 (1st Cir. 1953)); see United States v. Mosbrucker, 340 F.3d 664, 666 (8th Cir. 2003) (holding that district court had jurisdiction to order foreclosure and eviction). It is apparent that this Court has jurisdiction over all actions in which the United States appears as a plaintiff, which includes foreclosure actions, unless some act of Congress states differently.

Myron Hafner contends that the Agricultural Credit Act of 1987 (ACA) created an exception to a district court's jurisdiction over foreclosure actions involving agricultural debtors. Hafner also contends that the Government has failed to complete all administrative and servicing actions prior to filing suit as required by the ACA. In further support of his position, Hafner cites to 7 U.S.C. § 1981d entitled "Notice of loan service programs" and 7 U.S.C. § 2000(g) entitled "Prerequisites to foreclosure or liquidation."

Having carefully reviewed the cited authority, the Court finds that neither the ACA, nor the accompanying statutes cited by Hafner, divest this Court of jurisdiction under 28 U.S.C. § 1345. Hafner has failed to establish that the ACA constitutes a statutory exception to the general jurisdiction statute found at 28 U.S.C. § 1345. Hafner's contentions that this Court lacks subject matter jurisdiction over this matter are wholly unsupported by the law. In fact, this Court has recently rejected this same argument in a related case. See United States v. Bauer, 1:05-cv-061 (D. N.D. 2005) (Order Denying Defendant's Motion for a More Definite Statement and Defendant's Motions to Dismiss); see also United States v. Anderson, 2:04-cv-121 (D. N.D. 2005) (Order Denying Defendant's Motion For a More Definite Statement and Motion to Dismiss).[2] The Court finds no basis for granting a dismissal under 12(b)(1) for lack of subject matter jurisdiction.

---

[2]Hafner's motion to dismiss bears an eery resemblance to the Defendants' pleadings filed in United States v. Bauer. Hafner is appearing in this matter pro se, as were the Defendants in Bauer. The Court learned that the Bauers were being counseled by an unlicensed individual in the state of Montana holding himself out as an attorney, i.e., Von Bretz. The Bauers' pleadings were prepared and filed by that unlicensed individual, and the Bauers paid for the legal services. The Court would warn Hafner that North Dakota law prohibits the practice of law without a license. See N.D. Cent. Code 27-11-07. If Hafner wishes the assistance of legal counsel, the Court would strongly recommend hiring a competent attorney who is properly licensed to practice law and admitted to the federal bar of North Dakota.

**B.    INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS**

Hafner also seek dismissal under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure for insufficiency of process and insufficiency of service of process.[3] Although Hafner acknowledges he signed a "Waiver of Service of Summons," he contends that dismissal is warranted because he was not served with an actual summons. Hafner also contends that Rule 4(d) of the Federal Rules of Civil Procedure, which allows a defendant to waive service of summons, is unconstitutional.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in part, as follows:

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

> (A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);
>
> (B) shall be dispatched through first-class mail or other reliable means;

---

[3]The distinction between Rule 12(b)(4) and 12(b)(5) is not always clear, nor always observed. The difference between the two rules has been explained as follows:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, pp. 334-35 (3d Ed. 2004). Due to difficulties that arise when trying to distinguish the two rules "[s]everal courts have . . . treated a combination of the two motions as proper procedure. As stated by the Eighth Circuit, "[t]he distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service under both rules." Adams v. Alliedsignal General Aviation Avionics, 74 F.3d 882, 884 n.2 (8th Cir. 1996).

>   (C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
>
>   (D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;
>
>   (E) shall set forth the date on which the request is sent;
>
>   (F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and
>
>   (G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

Fed. R. Civ. P. 4(d)(2).

The record reveals that the Government fully complied with each of the required elements. On November 11, 2005, the Government sent Hafner a "Waiver of Service of Summons" and a copy of the complaint. On December 1, 2005, Hafner executed the waiver, and it was subsequently filed on December 5, 2005. See Docket No. 3. In such a situation, the commentary to Rule 4 makes clear that a challenge under Rules 12(b)(4) and (5) is unwarranted.

> Subdivision (b) of Rule 12 of the Federal Rules of Civil Procedure has seven numbered grounds of objection. Of the seven, two are waived when the request for waiver is honored by the defendant: the objections numbered 4, on insufficiency of process, and 5, on insufficiency of service of process. Since there is no summons in the picture at all when the waiver procedure is fulfilled, objection 4 has nothing to operate on, and dispensing with formal service is of course the very purpose of the waiver procedure, thus taking objection 5 out of the picture as well.

Commentary C4-16, 2005 Supplementary Pamphlet, Title 28 U.S.C.A., Fed. R. Civ. P.

The Court finds that Myron Hafner voluntarily waived his right to receive service of a summons. The waiver excused the Government from providing him with service of a summons and waived Hafner's ability to raise objections under Rules 12(b)(4) and (5) of the Federal Rules of Civil

Procedure. For obvious reasons, the Court will decline Hafner's invitation to declare Rule 4(d) of the Federal Rules of Civil Procedure unconstitutional. The Court finds no basis for granting a dismissal under Rules 12(b)(4) and (5) for insufficiency of process and insufficiency of service of process.

### C.  FAILURE TO STATE A CLAIM

Finally, Hafner seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Although not entirely clear from the pleadings, Hafner seems to contend that the complaint does not include sufficient detailed factual information.

The standard for a district court to employ in ruling on a motion to dismiss under Rule 12(b)(6) is clear and well-established. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which there is some insuperable bar to relief.'" Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citing Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974))). "Under the Federal Rules, it is not

necessary to plead every fact with formalistic particularity." BJC Health System v. Columbia Gas. Co., 348 F.3d 685, 688 (8th Cir. 2003). "A pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

The Government's complaint details the promissory note and real estate mortgages executed by Myron Hafner and Caroline Hafner. A copy of each is attached to the complaint. The complaint alleges that the Hafners defaulted under the terms of the promissory note and real estate mortgages and sets forth the specific amounts due and owing. The complaint explains that all administrative and servicing actions have been completed and the Hafners have been provided notices as required under federal law. In the prayer for relief, the Government seeks a judgment of foreclosure of its mortgages and an order for a judicial sale of the mortgaged property.

A plain reading of the complaint reveals that the Government has fully satisfied Rule 8(a) of the Federal Rules of Civil Procedure which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. The Court finds no basis for granting a dismissal under Rules 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**V.   CONCLUSION**

For the reasons set forth above, the Court **DENIES** defendant Myron Hafner's Motion to Dismiss. (Docket No. 5). This Court clearly has subject matter jurisdiction over this foreclosure proceeding under 28 U.S.C. § 1345.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2006.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court